IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

IDEAL MANUFACTURING AND SALES
CORPORATION INC. and CRYSTAL CITY LLC,

      Plaintiffs,

v.                                          Case No. 06-C-0590

PASE GROUP, INC. and PROJECTS AND
SYSTEMS ENGINEERING GROUP, INC.
(individually and collectively referred to as "PASE"),

      Defendants.

## PROTECTIVE ORDER

      Pursuant to Civil Local Rule 26.4(a) under Rule 26(c) of the Federal Rules of Civil Procedure, and to a stipulation entered by the parties to this action,

      IT IS HEREBY ORDERED that the documents and information produced during the course of discovery herein is protected against inappropriate disclosure in accordance with the following terms and conditions:

      1. This Order shall govern all materials designated as confidential as provided herein and produced by a party in response to any discovery request in this action, including but not limited to documents produced pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure, answers to requests for admission, answers to interrogatories, and deposition transcripts, as well as all information contained in those materials, and all copies, excerpts or summaries of those materials.

      2. Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL". One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial,

financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

   3. In the event that a producing party believes access to particular information, document(s) or tangible item(s) requested by the receiving party should be more limited than is provided in Paragraph 6 below, the producing party may additionally designate the information ATTORNEYS EYES ONLY. Disclosure of information designated ATTORNEYS EYES ONLY shall be limited to persons identified in Subparagraphs 6(i), 6(iii) and 6(iv) below. No copies may be made of materials designated ATTORNEYS EYES ONLY and all such materials must be returned to counsel for the party producing them at the conclusion of the litigation.

   4. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

   5. Information or documents designated as confidential under this order must not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph (5) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties must not disclose

information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

6. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.

    (ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

    (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

    (iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this order requiring that the documents and information be held in confidence.

7. Except as provided in Paragraph 6, counsel for the parties must keep all documents designated as confidential which are received under this order secure within their exclusive possession and must place such documents in a secure area.

8. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this

order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

Entered this 23rd day of April, 2007, at Milwaukee, Wisconsin.

                                         s/ C. N. CLEVERT, JR.
                                         Honorable Charles N. Clevert Jr.
                                         United States District Court Judge
                                         E. D. Wisconsin